**E-FILED on** 11/13/2008

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

PAUL E. ESPINOZA,

Plaintiff,

v.

OLDCASTLE GLASS FREMONT,

Defendant.

No. C-06-03597 RMW

ORDER GRANTING OLDCASTLE GLASS FREMONT'S MOTION FOR SUMMARY JUDGMENT

**[Re Docket No. 17]**

Plaintiff Paul Espinoza originally filed a Petition For Increased Benefits For Discrimination under Cal. Labor Code § 132a with the Workers' Compensation Appeals Board on May 2, 2006. Defendant Oldcastle Glass Fremont ("Oldcastle") removed the action to this court. On November 20, 2006, the court severed the case, retaining jurisdiction over a claim for termination of group medical benefits. *See* Docket No. 15. On September 21, 2007, Oldcastle moved for summary judgment on the remaining claim. Espinoza has not filed an opposition. The court has read Oldcastle's motion and considered the arguments of counsel at a hearing on November 9, 2007. For the reasons set forth below, the court denies Oldcastle's motion for summary judgment and denies Oldcastle's request for attorneys' fees. The court, however, dismisses the action without prejudice, as plaintiff has no basis for federal jurisdiction.

## I. BACKGROUND

Espinoza worked at Oldcastle where he was allegedly injured on the job on February 14, 2006. Pet. at 1. On April 4, 2006, he saw a doctor. Pet. at 1-2. On April 7, 2006, Espinoza reported his injury to Oldcastle, who placed him on modified duties. Pet. at 2. Later that day, Oldcastle fired Espinoza. *Id.* On or about April 7, 2006, Oldcastle terminated Espinoza's medical benefits. *Id.*[1]

On May 2, 2006, Espinoza originally filed a Petition For Increased Benefits For Discrimination under Cal. Labor Code § 132a with the Workers' Compensation Appeals Board. The petition alleged two claims: one for wrongful termination, and one for termination of group medical benefits. Defendant Oldcastle Glass Fremont ("Oldcastle") removed the action to this court, and Espinoza moved to remand. The court heard the motion on October 20, 2006, and on November 20, 2006, the court partially granted the motion, remanding the wrongful termination claim but retaining jurisdiction over the termination of group medical benefits claim because the claim is preempted by ERISA.

Nothing more happened until Oldcastle filed for summary judgment on September 21, 2007. The ten-month lapse in activity may be explained by events preceding the hearing on the motion to remand. On September 29, 2006, Oldcastle filed a "joint case management statement." The statement lacks the signature of Espinoza's attorney. On October 3, 2006, Espinoza submitted a case management statement beginning with "[t]he parties have not been able to come to an agreement to submit a joint statement." *See* Docket No. 11, at 1. Meanwhile, the parties failed to comply with their ADR obligations. *See* Docket No. 12 (Oct. 11, 2006). At the hearing on the motion to remand, the court vacated the Case Management Conference, and stated that it "will be reset by the Court, if necessary." *See* Docket No. 14.

---

[1] This court later found that the medical benefits plan falls within ERISA. *See* Docket No. 15 at 6.

## II. ANALYSIS

The court's prior order held that Espinoza's claim under California Labor Code section 132a was preempted by ERISA. *See* Docket No. 15, at 6; *accord Navarro v. A&A Farming*, 2002 WL 236699 (Cal. W.C.A.B.) (en banc); *see also* Chin, Wiseman, Callahan & Exelrod, CAL. PRAC. GUIDE: EMPLOYMENT LITIGATION § 15:360 (The Rutter Group 2006). Oldcastle now moves for summary judgment, arguing that Espinoza cannot establish various elements of his claims. Espinoza did not file an opposition.

Espinoza's only right to relief for a wrongful termination of group medical benefits must be found under ERISA. *See, e.g.*, 29 U.S.C. § 1140 (prohibiting interference with protected rights). During the hearing, Espinoza's counsel argued that Espinoza is not making an ERISA claim, but rather seeking relief under the California Labor Code. The court has already held this claim preempted. Because Espinoza has no ERISA claim, Espinoza has no claim pending before this court, and therefore, the court orders the case dismissed.[2]

## III. ORDER

For the foregoing reasons, the court GRANTS Oldcastle's motion for summary judgment and dismisses the case because there is no federal claim pending. This dismissal is not on the merits of the wrongful termination allegations and is without prejudice as to any proceedings on claims the court previously remanded. Oldcastle's request for attorneys' fees is denied.

DATED: 11/10/2008

RONALD M. WHYTE
United States District Judge

---

[2] Oldcastle also requests its attorneys' fees for preparing this motion. Mot. at 9. Oldcastle cites no authority for awarding such fees. Oldcastle also argues that its attorney "asked plaintiff's counsel if she would withdraw and dismiss the claim under 132a based upon plaintiff's sworn testimony, which she would not, and that this motion became necessary as a result. See Declaration of Jason Halpern." Mot. at 10. The Halpern Declaration makes no mention of a refusal to dismiss the case. *See generally* Halpern Decl. Based on the lack of legal authority and deficiency of the factual record, the court denies Oldcastle's request for attorneys' fees.

**Notice of this document has been sent to:**

**Counsel for Plaintiff:**

Nooshin Dalili dalili.esq@sbcglobal.net

**Counsel for Defendant:**

Jason Paul Halpern jphlaw@linkline.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 11/13/2008

TSF
**Chambers of Judge Whyte**